**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUO LIN WANG, | No. 08-70822 |
| Petitioner, | Agency No. A099-538-364 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:      FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Guo Lin Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from the immigration

judge's decision denying his application for asylum. We have jurisdiction under

8 U.S.C. § 1252. We review de novo questions of law and review for substantial

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence factual findings. *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008). We grant the petition for review, and we remand.

Wang contends that because of his participation in an underground church in China, he was arrested by government officials, detained for seven days, slapped, and suffered from an illness as a result of his incarceration. The record does not compel the conclusion that Wang suffered past persecution based on these experiences. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). However, substantial evidence does not support the agency's relocation finding based on evidence suggesting that in some places it is easier to attend unregistered churches and that there are areas where perhaps authorities are more lenient. *See* 8 C.F.R. § 1208.13(b)(3)(ii); *Fakhry*, 524 F.3d at 1065 (because petitioner testified he feared persecution at the hands of the government, he "gains the benefit of the presumption that the threat of persecution exists nationwide and that relocation is therefore unreasonable"); *Afriyie v. Holder*, 613 F.3d 924, 935-36 (9th Cir. 2010) (discussing factors to consider in determining whether relocation is reasonable). We therefore grant the petition for review as to the agency's well-founded fear

08-70822

finding and remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12,

16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

08-70822